## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CINDY CHASE, | ) | |
| | **)** | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:21-cv-1898 |
| | ) | |
| GAYLOR ELECTRIC, INC., | ) | |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW,** Plaintiff, CINDY CHASE (hereinafter "Plaintiff") by and through undersigned Counsel, brings this action against Defendant, GAYLOR ELECTRIC, INC., (hereinafter "Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* as amended by the Civil Rights Act of 1991, and the Families First Coronavirus Response Act ("FFCRA") and seeks a declaratory judgment that Defendant's actions violated Plaintiff's legal and statutory rights; for compensatory and punitive damages, and, for attorney fees and costs.

## PARTIES

1.      Plaintiff is a female resident of the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

2.      Defendant is a domestic for-profit corporation with its principal headquarters located at 5750 Castle Creek Parkway North, Suite 400, Indianapolis, IN 46250.

## JURISDICTION AND VENUE

3.      Jurisdiction is conferred upon this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 2000e-(5)(f)(3).

4.     28 U.S.C. §1367 gives the district court supplemental jurisdiction.

5.     The Court has jurisdiction of this case pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub. L, No. 116-127, 134 Stat. 178 (2020).

6.     Defendant is an 'employer' as that term is defined is defined by 29 U.S.C. § 2611(4), 42 U.S.C § 12111(5)(A), 42 U.S.C § 2000e(b).

7.     Plaintiff is an eligible 'employee' as that term is defined by 29 U.S.C. §2611(2).

8.     Plaintiff has satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission against the Defendant alleging discrimination and retaliation based on sex. Plaintiff received her Notice of Suit Rights and timely files this action.

9.     Venue in this district is appropriate pursuant to 28 U.S.C. §1391 as all events, transactions and occurrences relevant to this lawsuit arose within the geographical boundaries of the Southern District of Indiana.

## FACTUAL ALLEGATIONS

10.     Plaintiff began working for Defendant as an Administrative Assistant on or about September 28, 2020.

11.     During the term of her employment with Defendant, Plaintiff had met Defendant's legitimate performance expectations.

12.     Sometime in or about March 2020, with the breakout of the COVID-19 pandemic, Defendant permitted employees to work from home during a 14-day quarantine period.

13.     In or about March 20202, Plaintiff complained to Defendant as to why she could not work from home when similarly-situated male employees were permitted to do so.

14.     Eventually Defendant allowed Plaintiff to work from home, however, Plaintiff was required to use her Personal Time Off (PTO) when working from home, as compared to male employees who were paid their regular wages or salaries.

15.     After making complaint to the Defendant regarding disparate working conditions, on or about May 11, 2020, Plaintiff was terminated from employment without explanation.

## COUNT ONE
### (Title VII-Sex Discrimination)

16.     The allegations set forth above are re-alleged herein as if repeated verbatim.

17.     Plaintiff was terminated by Defendant because of her sex in violation of Title VII of the Civil Rights Act of 1964.

18.     As a direct result and consequence of said discrimination, Plaintiff has and will lose money in the nature of wages and benefits; has and will experience pain and suffering; damage to her reputation; mental anguish and emotional distress; and other compensatory and punitive damages.

19.     As a further direct result and consequence, Plaintiff is entitled to reinstatement, back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## COUNT TWO
### (Title VII – Retaliation)

20.     The allegations set forth above are re-alleged herein as if repeated verbatim.

21.     Plaintiff was retaliated against and terminated by Defendant because of her sex in violation of Title VII of the Civil Rights Act of 1964.

22.     As a direct result and consequence of said retaliation, Plaintiff has and will lose money in the nature of wages and benefits; has and will experience pain and suffering; damage

to her reputation; mental anguish and emotional distress; and other compensatory and punitive damages.

23.     As a further direct result and consequence, Plaintiff is entitled to reinstatement, tenure, back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## COUNT THREE
### (Violation of the Families First Coronavirus Response Act)

24.     The allegations set forth above are re-alleged herein as if repeated verbatim.

25.     Under FFRCA Plaintiff is entitled up to 80 hours of paid sick leave at the employee's regular rate of pay where the employee is quarantined.

26.     Plaintiff was terminated as a result of her protected activity under FFCRA.

27.     Defendant unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FFCRA, and or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FFCRA.

28.     Defendant violated FFCRA and its implementing regulations which constitute interfering with, restraining, or denying the exercise of rights under the FFCRA.

29.     Defendant illegally terminated Plaintiff in violation of the FFCRA.

        **WHEREFORE,** Plaintiff demands the following relief:

        A.  An award of compensatory damages according to proof;

        B.  An award of liquidated and/or punitive damages;

        C.  Reinstatement of employment or in lieu thereof an award of front pay;

        D.  Reasonable attorney fees and cost of suit;

        E.  Interest;

        F.  Any other relief the Court deems appropriate.

Respectfully submitted,

_s/John Robert Panico_
Indiana Bar No. [24039-48]
PANICO LAW LLC
9465 Counselors Row, Suite 200
Indianapolis, IN 46240
(317) 759-7464
panico.avoue@gmail.com
_Attorney for Plaintiff_