UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY CHASE, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiff, ) | |
| v. ) | Cause No. 1:21-cv-1898 SEB-DML |
| ) | |
| GAYLOR ELECTRIC, INC., ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff, CINDY CHASE (hereinafter "Plaintiff") by Counsel, individually, brings this action against Defendant, GAYLOR ELECTRIC, INC., (hereinafter "Defendant") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* as amended by the Civil Rights Act of 1991, the Families First Coronavirus Response Act ("FFCRA"); and individually, and on behalf of all other similarly-situated employees, the Fair Labor Standards Act ("FLSA), and seeks a declaratory judgment that Defendant's actions violated Plaintiff's legal and statutory rights; for compensatory and punitive and/or liquidated damages, attorney fees and costs.

## PARTIES

1. Plaintiff is a female resident of the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

2. Defendant is a domestic for-profit corporation with its principal headquarters located at 5750 Castle Creek Parkway North, Suite 400, Indianapolis, IN 46250.

3. Plaintiff was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(l).

1

4. Plaintiff Cindy Chase brings this case on behalf of herself and other similarly-situated employees, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked as non-exempt, Administrative Assistants at any time during the three-year period immediately preceding the filing of the Amended Complaint (hereinafter "Violation Period"), for the Defendant.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 2000e-(5)(f)(3).

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

7. The Court has jurisdiction over this case pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub. L, No. 116-127, 134 Stat. 178 (2020).

8. 28 U.S.C. §1367 gives the district court supplemental jurisdiction.

9. Defendant is an 'employer' as that term is defined is defined by 29 U.S.C. § 2611(4), 42 U.S.C § 12111(5)(A), 42 U.S.C § 2000e(b).

10. Plaintiff is an eligible 'employee' as that term is defined by 29 U.S.C. §2611(2).

11. Plaintiff has satisfied her obligation to exhaust her administrative remedies having timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission against the Defendant alleging discrimination and retaliation based on sex. Plaintiff received her Notice of Suit Rights and timely files this action.

12. Venue in this district is appropriate pursuant to 28 U.S.C. §1391 as all events, transactions and occurrences relevant to this lawsuit arose within the geographical boundaries of the Southern District of Indiana.

## FACTUAL ALLEGATIONS

13. Plaintiffs are individuals who were employed by Defendant as Administrative Assistants, or any other similarly-titled position, during the statutory period. Plaintiffs all shared similar job titles, job descriptions, job requirements and compensation plans, amongst other things.

14. Plaintiff began working for Defendant as an Administrative Assistant on or about September 28, 2009.

15. During the term of her employment with Defendant, Plaintiff had met Defendant's legitimate performance expectations.

16. Defendant managed Plaintiffs' work, including the amount of time worked and compensation paid. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

17. Plaintiffs were classified by Defendant as non-exempt under the FLSA and was paid an hourly wage.

18. Beginning from on or about August 31, 2018 until Plaintiff's discharge from employment on or about May 11, 2020, Defendant suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation. Plaintiff was routinely required to perform 15 to 20 additional hours of work each week unpaid work for Defendant's benefit without overtime compensation

19. Sometime in or about September 2020, Defendant re-classified plaintiff as an exempt employee, and thereafter compensated Plaintiff with a 'salary' in lieu of an hourly wage.

20. Defendant knew and was aware at all times that Plaintiffs routinely worked more than 40 hours per week. Nonetheless, Defendant failed to properly pay Plaintiff for all overtime hours actually worked.

21. Plaintiff was routinely told by her supervisor that Defendant does not pay overtime compensation.

22. Defendant's practices violated the provisions of federal law. As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll cost.

23. Plaintiffs were subject to Defendant's scheme to deprive Plaintiffs them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA, Plaintiffs suffered lost wages and other damages.

24. Sometime in or about March 2020, with the breakout of the COVID-19 pandemic, Defendant permitted employees to work from home during a 14-day quarantine period.

25. In or about March 2020, Plaintiff complained to Defendant as to why she could not work from home when similarly-situated male employees were permitted to do so.

26. Eventually Defendant allowed Plaintiff to work from home, however, Plaintiff was required to use her Personal Time Off (PTO) when working from home, as compared to male employees who were paid their regular wages or salaries.

27. After making complaint to the Defendant regarding disparate working conditions, on or about May 11, 2020, Plaintiff was terminated from employment without explanation.

## FLSA COLLECTIVE ACTION

28. Representative Plaintiff, CHASE, brings this case as a collective action on behalf of himself and other similarly-situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

29. The proposed collective class of similarly-situated persons is defined as:

> All individuals who were employed, or are currently employed, by the Defendant, in the State of Indiana as hourly paid, non-exempt,

>Administrative Assistants, or any other similarly-titled position at any time during the relevant statute of limitations period.

30. This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and Defendant's compensation policies and procedures.

31. Defendant encouraged, suffered and permitted the representative Plaintiff and the collective class to work more than forty (40) hours per week without the proper overtime compensation.

32. Defendant knew that the representative Plaintiff and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the representative Plaintiff and the collective class of overtime compensation.

33. Defendant's conduct, as alleged herein, was willful and has caused significant damage to the representative Plaintiff and the collective class.

34. Defendant is liable under the FLSA for failing to properly compensate the representative Plaintiff and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

35. Plaintiffs estimate that there are at least 20 members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class

may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

## COUNT ONE
### Title VII-Sex Discrimination

36. The allegations set forth above are re-alleged herein as if repeated verbatim.

37. Plaintiff was terminated by Defendant because of her sex in violation of Title VII of the Civil Rights Act of 1964.

38. As a direct result and consequence of said discrimination, Plaintiff has and will lose money in the nature of wages and benefits; has and will experience pain and suffering; damage to her reputation; mental anguish and emotional distress; and other compensatory and punitive damages.

39. As a further direct result and consequence, Plaintiff is entitled to reinstatement, back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## COUNT TWO
### Title VII – Retaliation

40. The allegations set forth above are re-alleged herein as if repeated verbatim.

41. Plaintiff was retaliated against and terminated by Defendant because of her sex in violation of Title VII of the Civil Rights Act of 1964.

42. As a direct result and consequence of said retaliation, Plaintiff has and will lose money in the nature of wages and benefits; has and will experience pain and suffering; damage to her reputation; mental anguish and emotional distress; and other compensatory and punitive damages.

43. As a further direct result and consequence, Plaintiff is entitled to reinstatement, tenure, back pay, front pay, compensatory and punitive damages, attorney fees and costs.

## COUNT THREE
## Violation of the Families First Coronavirus Response Act

44. The allegations set forth above are re-alleged herein as if repeated verbatim.

45. Under FFRCA Plaintiff is entitled up to 80 hours of paid sick leave at the employee's regular rate of pay where the employee is quarantined.

46. Plaintiff was terminated as a result of her protected activity under FFCRA.

47. Defendant unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FFCRA, and or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FFCRA.

48. Defendant violated FFCRA and its implementing regulations which constitute interfering with, restraining, or denying the exercise of rights under the FFCRA.

## COUNT FOUR
## Violation of the Fair Labor Standards Act

49. The allegations set forth above are re-alleged herein as if repeated verbatim.

50. FLSA §207(a)(1) states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

51. Plaintiff worked time in excess of 40 hours per week for the Defendant, but was not properly paid overtime wages in violation of the FLSA.

52. Through their actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate the Plaintiff for all actual overtime worked.

53. Defendant also willfully failed to pay overtime wages and other benefits to the Plaintiff by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

54. The foregoing actions of Defendant violated the FLSA.

55. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs has suffered a loss of income and other damages.

56. Defendant is liable to Plaintiff for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

57. Plaintiff is also entitled to injunctive relief to prevent Defendant from continuing their violation of the FLSA and other appropriate injunctive relief.

## JURY DEMAND

Plaintiff exercises the right to a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, by and through her attorney, demand judgment against the Defendant and in favor of the Plaintiff for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order Defendant to file with this Court and furnish to counsel a list of all names, addresses and email addresses of all ADMINISTRATIVE ASSISTANTS or any other similarly-titled position who have worked for the Defendants within the last three years;

B. Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all ADMINISTRATIVE ASSISTANTS or any other similarly-titled position who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked regular hours or overtime hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C. Appoint PANICO LAW LLC as counsel for the Plaintiffs;

D. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated overtime provisions of the FLSA by failing to pay regular and overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and,

8

    ii.  Willfully violated overtime provisions of the FLSA.
    iii.  Willfully violated the FFCRA;
    iv.  Willfully violated Title VII of the Civil Rights Act of 1964, as amended;

E.  Award compensatory damages, including all pay owed, in an amount according to proof;

F.  Award liquidated damages and/or punitive damages;

G.  Reinstatement of employment or in lieu thereof an award of front pay;

H.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court

I.  Reasonable attorney fees and cost of suit

J.  Any other relief the Court deems appropriate.

            Respectfully submitted,

            *s/John Robert Panico*
            Indiana Bar No. [24039-48]
            PANICO LAW LLC
            9465 Counselors Row, Suite 200
            Indianapolis, IN 46240
            (317) 759-7464
            panico.avoue@gmail.com
            *Attorney for Plaintiff*